IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:13cv672-MHT |
| ) | (WO) |
| GREG BENTON, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the pro se plaintiff Fred Johnson ("Johnson") alleges that the defendants used excessive force against him during his arrest in Dothan, Alabama in 2011. The plaintiff names as defendants Greg Benton, Ray Mock, William Kaufman, John Givens and Taiwan Truitt – all employees of the Dothan City Police Department.[1] He also names as a defendant Marc Crews, an employee of the Alabama Department of Forensic Sciences assigned to a laboratory in Auburn, Alabama. (Doc. # 32 at 3). The court has jurisdiction of the plaintiff's claim pursuant to its federal question jurisdiction under 28 U.S.C. § 1331.

Previously, the court ordered the defendants to file answers and special reports, and they have done so. After the special reports were filed, the court notified the plaintiff that the reports could at any time be treated as motions for summary judgment. The court also

---

[1] Defendant Benton was the Chief of Police and the other defendants were Dothan City police officers.

informed the plaintiff about the proper manner in which to respond to a motion for summary judgment, and set a deadline for the plaintiff's response. The plaintiff has filed a response. (Doc. # 39). After careful consideration of the motions for summary judgment which are properly before the court, the court concludes that the motions are due to be granted and this case is due to be dismissed with prejudice.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute]² as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating

---

² Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely

colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## DISCUSSION

In his amended complaint, Johnson asserts that the following occurred in October, 2011.

> On or about October 2011, plaintiff was accousted (sic), chased and ultimately ran over by truck by person he learned were undercover police. Plaintiff was severally (sic) beaten before taken to the local Hospital Emergency. . .

(Doc. # 6 at 1).

The defendants assert that the incident about which Johnson complains occurred on July 15, 2011. According to the defendants, defendant Truitt received information from a confidential informant that "a black male would be making a drug sale" in the parking lot of a local K-Mart store. (Doc. # 21 at 1; Doc. # 28 at 1).

Defendant Truitt observed Johnson in the parking lot,[3] and when the officers attempted to make contact with Johnson, Johnson fled into the woods. (Doc. # 21 at 1-2). The defendants adamantly deny that Johnson was struck by vehicle. According to the defendants, any injuries sustained by Johnson were the result of him tripping and falling in the woods or were sustained when he was resisting the officers' attempts to handcuff him.

Regardless of the parties' differing versions of the arrest, the defendants assert that they are entitled to summary judgment because the plaintiff's complaint was untimely filed. Johnson filed this action on September 4, 2013.[4] In his response to the defendants' motions, Johnson concedes that the arrest occurred in July 2011. (Doc. # 39 at 1). However, he asserts that he is entitled to equitable tolling of the statute of limitations due to mental incapacity. *Id*. at 2.

---

[3] Defendant Truitt recognized Johnson from a prior drug arrest.

[4] The law is well settled that, under the "mailbox rule," a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The envelope in which the complaint was received by the Clerk of the Court is postmarked September 17, 2013 and the Clerk of the Court docketed the complaint as received on September 18, 2013. However, the complaint indicates that it was signed on September 4, 2013. Consequently, pursuant to the "mailbox rule," the court concludes that Johnson submitted the complaint for mailing on September 4, 2013, and for purposes of the proceeding herein, deems September 4, 2013, as the date of filing.

The timeliness of a § 1983 action is governed by the personal injury statute of limitations of the state in which the action arose, which, in Alabama, is two years from the time the cause of action accrues. ALA. CODE 1975 § 6-2-38(1); *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). Generally, a cause of action accrues under § 1983 when the plaintiff knows or has reason to know that he has been injured and who inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). This lawsuit was filed on September 4, 2013. The actions about which the plaintiff complains occurred on July 15, 2011. Johnson knew in July of 2011 that he had been arrested and who had arrested him. Thus, Johnson's claims are clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that all constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions of the state in which the action has been brought).

However, the statute of limitations may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). *See also Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (Tolling applies only in truly

7

extraordinary circumstances.)  Equitable tolling is utilized only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).  To be entitled to equitable tolling, the plaintiff must demonstrate "that: (1) he acted with reasonable diligence; and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'"  *San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2011).

Johnson appears to argue that he is entitled to equitable tolling of the statute of limitations because he suffered a head injury during his arrest, (doc. # 39 at 2), and thus, he suffers from some type of mental incompetence.  "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  *See also Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015)  "[T]he alleged mental impairment must have affected the [plaintiff's] ability" to timely file his complaint.  *Hunter*, 587 F.3d at 1308; *Spears*, 605 F. App'x at 904.  Thus, it is not sufficient to merely assert mental incompetence to invoke equitable tolling; Johnson must also demonstrate "a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence*, 421 F.3d at 1226; *Hunter*, 587 F.3d at 1310.  "[A]n allegation of mental incompetence, without a showing of a causal connection between the incompetence and the failure to file a timely [complaint], [does] not justify equitable tolling." *Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010).

In his response to the defendants' motion for summary judgment, Johnson asserts that

he is entitled to equitable tolling because his "injury was not readily perceptible as having an external source thus Plaintiff's serious mental health problems prevented him from knowing the cause will be allowed to toll the statues (sic) of limitations until discovered that his injury was caused by Defendant's Tortious conduct." (Doc. # 39 at 2). Beyond this conclusory statement, Johnson does not explain how his alleged impairment prevented him from filing his complaint for over two years. Although Johnson attached a copy of a 911 response report from a paramedic which indicates that Johnson suffered a blunt injury on July 15, 2011, the examination was normal as were the mental and neurological assessments. (Doc. # 39, Ex. A). Johnson also attached a medical history from Dale Medical Center dated June 4, 2012 which indicates that Johnson had stopped speaking. (*Id*., Ex. C & D). The medical records indicate that while Johnson was not verbalizing, he was able to understand and respond to commands. "He understands but cannot verbalize. He cooperated with commands; that means he understands." (*Id*.).

In addition, Johnson underwent a forensic psychological evaluation by Dr. Doug McKeown, Ph.D., on December 19, 2011. Dr. McKeown expressed doubts about "the validity of [Johnson's] inability to talk or communicate in the absence of any medical or mental health records that would establish a clinical condition." (Doc. #43, Ex. A at 4). Dr. McKeown opined that Johnson was "volitionally choosing not to participate" in the evaluation. (*Id*.).

> This examiner would conclude that [Johnson] is malingering and in the absence of verbal communication or failure to participate in an assessment

9

> does not establish a basis for a lack of competency particularly when there is no information to verify any of the allegations provided.

(*Id*. at 5). Dr. McKeown did not conclude that Johnson was incompetent or otherwise unable to stand trial, and Johnson points the court to no medical evidence to the contrary. Thus, the medical records are simply inconclusive as to the nature and extent of Johnson's mental impairment. Although the medical records indicate a diagnosis of "mental disorder with brain trauma," and a discharge diagnosis of "[o]rganic mental disorder associated with brain trauma," the medical records, without more, are insufficient to demonstrate that Johnson's mental impairment prevented him from pursuing his claims.[5]

Johnson bears the burden of establishing that he is entitled to the extraordinary remedy of equitable tolling, and "mere conclusory allegations are not sufficient." *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012). *See also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("This Court has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") Johnson has not presented any evidence that he has been found to be incompetent by any court. He presents no probative evidence demonstrating the existence and extent of any mental impairment. There is nothing before the court to demonstrate a causal connection between Johnson's alleged mental incompetence and his failure to timely file his complaint.

---

[5] In opposition to the plaintiff's equitable tolling argument, the defendants presented evidence that Johnson filed a complaint with the Dothan Police Department on July 18, 2011 challenging these defendants' actions during the arrest. (Doc. # 43, Ex. C). This evidence militates against tolling the statute because it demonstrates that the plaintiff was capable of filing a claim.

Thus, the court concludes that the plaintiff has failed to establish the presence of "extraordinary circumstances" to warrant an equitable tolling of the limitation period. Consequently, the court concludes that Johnson has failed to establish that equitable tolling of the statute of limitations is justified in this case.

Even if Johnson was able to establish a causal connection between his mental impairment and his ability to timely file his complaint, he has failed to demonstrate that he acted with due diligence in pursuing his claim. *See Spears*, 605 F. App'x at 905 ("equitable tolling is available only if a [plaintiff] establishes *both* extraordinary circumstances and due diligence.") (emphasis in original). Johnson offers no explanation of why his alleged head injury prevented him from filing his complaint for over two years. Nor does he explain how he was able to overcome his mental impairment to file and pursue the action now. Johnson provides no details of any efforts he undertook to pursue his claims. Thus, the court concludes that Johnson has failed to demonstrate that he exercised due diligence in pursuing his claim. Under the circumstances of this case, the court concludes that Johnson's claims are barred by the statute of limitations, and the defendants' motions for summary judgment are due to be granted.[6]

---

[6] Defendant Crews can only be liable in this matter only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). Neither Johnson's complaint nor any evidentiary materials show that defendant Crews had anything to do with his arrest. Thus, defendant Crews' motion for summary judgment is also due to be granted because Johnson does not allege that defendant Crews personally participated in the actions about which he complains.

Johnson also sued defendant Benton but he does not allege that defendant Benton personally
(continued...)

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motions for summary judgment be GRANTED and that this case be DISMISSED with prejudice.It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 23, 2015.** A party must specifically identify the factual findings and

---

[6](...continued)
participated in the actions about which he complains. Thus, defendant Benton is sued solely due to his position as Dothan City Chief of Police. However, the law is well settle that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability). Additionally, Johnson fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Chief of Police Benton and the alleged constitutional deprivations.

    A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360. Deprivations that constitute wide spread abuse sufficient to constitute notice to the supervising official must be "obvious, flagrant, rampant and of continued duration rather than isolated occurrences." *Brown*, 906 F.2d at 671. A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006). Johnson fails to present any evidence indicating that there is a history of widespread abuse which placed Benton on notice of a need to stop an alleged deprivation, that his customs or policies resulted in deliberate indifference to Johnson's constitutional rights, or that he directed subordinates to act unlawfully or failed to stop them from doing so.

    Because Johnson does not allege that defendant Benton personally participated in the actions about which he complains, and he fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Benton and the alleged constitutional deprivations, defendant Benton's motion for summary judgment is also due to be granted on this basis.

legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of December, 2015.

                                    /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE